IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSALYN L. WEST, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-1409 |
| CITIMORTGAGE, INC. and SHAPIRO SCHWARTZ, L.L.P., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant CitiMortgage, Inc. ("CitiMortgage") removed this action from the 295th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-19149. Pending before the court is Plaintiff Rosalyn L. West's Motion to Remand ("West's Motion to Remand") (Docket Entry No. 9). For the reasons stated below, the court will grant West's Motion to Remand.

### I.  Factual and Procedural Background

Rosalyn L. West signed a Deed of Trust on her home in 2008.[1] West alleges that as a result of losing one job and having her hours reduced on another, she fell behind on her payments, began receiving notices of default, and pursued a modification of her

---

[1] Plaintiff's Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction ("Original Petition"), Exhibit B.2 to Notice of Removal, Docket Entry No. 1-2, p. 3 ¶ 8.

loan.[2] West alleges that after corresponding with CitiMortgage regarding a forbearance plan, CitiMortgage rejected her mortgage assistance, posted the home for foreclosure, purchased the property at the foreclosure, and filed a forcible detainer suit against West in an attempt to remove West from the property.[3]

West brought this action in state court seeking a temporary restraining order, a temporary injunction preventing the defendants from selling her home during the pendency of the case, damages for breach of contract, damages under the Texas Finance Code, the equitable remedy of quiet title, a declaratory judgment, and attorney's fees.[4] Among West's causes of action is a count for violation of Texas Finance Code §§ 392.304(a)(8) and 392.304(a)(19), which respectively prohibit debt collectors from misrepresenting a consumer's debt and from using any false representations or deceptive means to collect a debt.[5]

CitiMortgage removed this case to federal court based on federal diversity jurisdiction under 28 U.S.C. § 1332.[6] West is a citizen of Texas.[7] CitiMortgage alleges, and West does not

---

[2]Id. at 3 ¶ 9.

[3]Id. at 3-4 ¶¶ 9-15.

[4]Id. at 10, 14-18.

[5]Id. at 12 ¶ 36.

[6]Notice of Removal, Docket Entry No. 1, p. 4.

[7]Original Petition, Exhibit B.2 to Notice of Removal, Docket Entry No. 1-2, p. 1 ¶ 2; Notice of Removal, Docket Entry No. 1, p. 4.

dispute, that CitiMortgage is a citizen of New York and Missouri.[8] Shapiro Schwartz is a citizen of Texas.[9]

## II. West's Motion to Remand

West filed a Motion to Remand[10] and CitiMortgage replied.[11] CitiMortgage argues that because West has failed to state a viable claim against non-diverse defendant Shapiro Schwartz, L.L.P. ("Shapiro Schwartz"), Shapiro Schwartz is improperly joined and therefore should not be considered in the determination of whether there is complete diversity.[12]

### A. Standard of Review

#### 1. Removal Standard

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441).

---

[8] Notice of Removal, Docket Entry No. 1, p. 4.

[9] Id.; Original Petition, Exhibit B.2 to Notice of Removal, Docket Entry No. 1-2, p. 2 ¶ 4.

[10] West's Motion to Remand, Docket Entry No. 9.

[11] Defendant CitiMortgage, Inc.'s Response in Opposition to Plaintiff's Motion to Remand and Brief in Support ("CitiMortgage's Response"), Docket Entry No. 10.

[12] Notice of Removal, Docket Entry No. 1, pp. 4-6; CitiMortgage's Response, Docket Entry No. 10, pp. 4-8.

Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). If jurisdiction is based on diversity, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2).

The removing party bears the burden of establishing that a state-court suit is properly removable to federal court. Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts generally make decisions about subject-matter jurisdiction after removal by evaluating the plaintiff's allegations as they existed when the defendant removed the action. Kidd v. Southwest Airlines, Co., 891 F.2d 540, 546 (5th Cir. 1990). Doubts about the propriety of removal are to be resolved in favor of remand. Manguno, 276 F.3d at 723.

2.  Improper-Joinder Standard

A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). To establish that a nondiverse defendant has been improperly joined to defeat

diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. Gasch, 491 F.3d at 281 (citing Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Only the second test for improper joinder is at issue in this case. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573.

The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." Id. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state [or nondiverse] defendant." Smallwood, 385 F.3d at 574. "[T]he focus of the inquiry must be on the joinder,

not the merits of the plaintiff's case." Id. at 573. "When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." Id. at 575. Furthermore, in deciding whether a party was improperly joined all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

**B.   Analysis**

The full text of the paragraph alleging the violation of Texas Finance Code §§ 392.304(a)(8) and 392.304(a)(19) is as follows:

> Finally, CitiMortgage and Shapiro are prohibited from using fraudulent, deceptive, or misleading representations in the collection of Ms. West's debt. TEX. FIN. CODE § 392.304. Specifically, the Defendants are not allowed to misrepresent the character, extent, or amount of a consumer debt (Subsection (a)(8); or use any other false representations or deceptive means to collect a debt (Subsection (a)(19). As to the first subsection, CitiMortgage informed Ms. West that they had rejected her application for hardship assistance because they did not receive her payments, when in fact the payments were made through November.[13]

The court concludes that the allegations in this paragraph are sufficient to state a claim under § 392.304. Specifically, West alleges that there was a misrepresentation regarding the amount of her debt and her past payment history.

---

[13]Original Petition, Exhibit B.2 to Notice of Removal, Docket Entry No. 1-2, p. 12 ¶ 36.

However, whether West has alleged that Shapiro Schwartz was involved in making that misrepresentation is a more complicated question. CitiMortgage argues that "[a]lthough the Petition purports to make claims for violations [of] Sections 392.304(a)(8) and 392.304(a)(19) of the Texas Finance Code, the only factual allegation related to those sections is against [CitiMortgage]. See Pet. at ¶ 36."[14] The last sentence of Paragraph 36, quoted above, includes an explicit allegation only against CitiMortgage ("CitiMortgage informed . . ."). However, the first two sentences of Paragraph 36 explicitly implicate both CitiMortgage and Shapiro Schwartz ("CitiMortgage and Shapiro are prohibited . . ."; "the Defendants are not allowed . . ."). Reading the last sentence of Paragraph 36 in light of the two sentences preceding it, the court concludes that Paragraph 36 can reasonably be read to allege that Shapiro Schwartz violated § 392.304 by misrepresenting the amount of West's debt and her past payment history in the course of Shapiro Schwartz's work for CitiMortgage.

Other parts of the Original Petition support the conclusion that West alleges a § 392.304 violation against Shapiro Schwartz. CitiMortgage notes correctly that "there is no mention of Shapiro Schwartz in the Petition's Section V, entitled 'Facts.'"[15] The omission of Shapiro Schwartz from the "Facts" section is important

---

[14]Notice of Removal, Docket Entry No. 1, p. 6 n.2; accord CitiMortgage's Response, Docket Entry No. 10, p. 5.

[15]CitiMortgage's Response, Docket Entry No. 10, p. 4.

because in that section West provides the factual basis apparently underlying the allegation of a misrepresentation.[16] However, West also alleges that Shapiro Schwartz's "work involves: 1) sending the requisite acceleration and foreclosure notices, 2) providing payoff and reinstatement quotes, . . . and 6) passing correspondence from the Plaintiff to the Defendant and vice versa."[17] The court concludes that Paragraph 4, together with Paragraph 36 and Paragraph 14, can reasonably be understood to allege that Shapiro Schwartz, in the context of its handling of CitiMortgage's correspondence with West, or issuing notices to West, communicated a misrepresentation to West regarding the amount of her debt and her past payment history. In the face of this plausible reading of West's Original Petition, CitiMortgage has not established that West has no reasonable possibility of recovery against Shapiro Schwartz. CitiMortgage has not carried the heavy burden of proving that Shapiro Schwartz was improperly joined to defeat diversity.

### III. Conclusion and Order

For the reasons stated above, the court concludes that Shapiro Schwartz is a proper defendant in this case. Complete diversity is

---

[16]Original Petition, Exhibit B.2 to Notice of Removal, Docket Entry No. 1-2, p. 4 ¶ 14 ("However, upon receiving another letter from CitiMortgage dated November 29, 2011, she was informed that [] her mortgage assistance was rejected as a result of her not making the down payment, which was not the case.").

[17]Id. at 2 ¶ 4.

therefore lacking and the court does not have subject-matter jurisdiction.  Plaintiff Rosalyn L. West's Motion to Remand (Docket Entry No. 9) is **GRANTED**.  This action is **REMANDED** to the 295th Judicial District Court of Harris County, Texas.  The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 31st day of July, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE